# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TRUMAN MANNING,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 08-cv-443-DRH** |
| | ) | |
| **JAY MERCHANT,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, an inmate in the Pinckneyville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, seeking restoration of good conduct credit. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

specific punishment was, or what, if any, administrative remedies he pursued to challenge these actions.

A state prisoner seeking restoration of lost good-time credits must exhaust state-court remedies before turning to federal court, or else show cause and prejudice for failing to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). "Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court." *McAtee*, 250 F.3d at 508; *see also Johnson v. McGinnis*, 734 F.2d 1193, 1198-99 (7th Cir. 1984). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. "If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court." *Id*. at 508-09; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Petitioner does not allege that he has even attempted to exhaust his state remedies, and thus this Court is unable to provide the relief he seeks. Accordingly, this action is **DISMISSED**. Dismissal is without prejudice to Petitioner pursuing his claims in a new action, but only after he has exhausted his state court remedies. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**